# THE STATE *vs.* SQUIRE.

Indictments found by the grand jury should be signed by the foreman, and be thus returned into court, in the presence of the jury.

Where an indictment was returned into court, but the signature of the foreman was by accident omitted—*Held,* that it could not afterwards be affixed by the foreman, or amended, except on recommitment to the jury.

INDICTMENT, for entering a shop in the night time, and stealing therefrom.

The State *v.* Squire.

The respondent was tried and convicted, and motion was made in arrest of judgment, and for a new trial, for the following reasons :

1. That the indictment upon which the respondent was arraigned was not an indictment found by the grand jury.

2. That the instrument purporting to be an indictment was not signed by the foreman of the grand jury till Wednesday of the week after the grand jury had been dismissed.

It appeared, by the affidavits of the foreman of the grand jury and of the attorney-general, that the indictment on which the trial and conviction was had was drawn in pursuance of the directions of the grand jury, and that this indictment, together with some six or seven others, was read by the attorney-general to the grand jury, and assented to by them. The indictments were then handed to the foreman of the grand jury, to be signed by him, and through accident he omitted to sign this indictment, but returned it with other indictments to the clerk of the court, in presence of the grand jury. After the jury had been dismissed, on the case coming up for trial, on Tuesday, of the second week of court, it was found that the foreman had not affixed his signature to the bill. The foreman was then sent for, and came into court the next day ; and, by leave of court, on the above facts being shown, affixed his signature to the bill.

*Quincy & Duncan,* for the respondent.

*Gove,* A. G., for the state.

Upham, J. By the English practice the uniform mode of authenticating an indictment is, " to enter upon it, a true bill ; and the foreman, accompanied by the grand jurors, carries the indictments so endorsed, into court." 4 *Black. Com.* 305 ; 1 *Chit. Crim. Law* 324.

In this country the practise has been, after an indictment has been duly enrolled, to add the finding : " This is a true

bill ;" and affix to it the signature of the foreman ; and indictments thus found are presented to the court in the presence of the jury. This mode of authenticating indictments is analogous to that of all our forms of legal process, and we can see no good reason why it should be departed from. Indictments are our highest forms of original proceeding, and can be found solely by the grand jury, with such advice merely as the counsel for the state may give ; and it is highly proper that all their acts should bear the test of the presiding officer of their body. Nothing short of such authentication should be regarded as competent evidence of their proceedings ; and indictments thus found should be presented to the court in the presence of the jury. A change in either of these respects might lead to doubt as to what were the true proceedings of the jury, and diminish confidence as to their definite and independent action.

In *Webster's case,* 5 *Greenl. R.* 432, a bill returned as found by the grand jury, was signed by the foreman, but was not certified to be " a true bill." Exception was taken, for this cause, after the trial and verdict ; and judgment was arrested by the court.

The indictment in this case, as returned to court in presence of the jury, was defective. Can this defect be cured by amendment ?

It is well settled, both by the express exceptions of the statutes of amendment and the current of authorities, that indictments are not within the statute of jeofails. There have been some instances in the English courts of exceptions to this rule, but they have been overruled by later authorities. 1 *Chit. Crim. Law* 297 ; 4 *Burr.* 2570, *Rex* vs. *Wilkes.*

It is said, indeed, to be the common practice in England for the grand jury to consent, at the time they are sworn, that the court shall amend matters of form, and that mere informalities may therefore be amended by the court, before the commencement of the trial. 10 *Petersdorf's Ab.* 488, *note ;* 1 *Chit. Crim. Law* 325 ; but this practice has never

The State *v.* Squire.

been adopted in our courts ; and formerly, in England, such amendments were inadmissible, except on process issued to the grand jury to come in for this purpose.

The attempt to perfect the indictment by affixing the signature of the foreman, after the instrument has been returned to court, is an amendment.

In *Commonwealth* vs. *Parker*, 2 *Pick.* 550, exception was taken, after verdict, because the officer making return of the *venire* for a grand juror did not sign his name to the return. The exception was maturely considered by the court ; but, after full discussion, it was holden to be amendable. If the court doubted so much on this point, on account of its relation to the organization of the grand jury, they would hardly amend an indictment where a defect existed, or permit it to be done by the foreman apart from the grand jury.

An indictment once found is unalterable ; or, if it be amended, can only be done by recommitment to the grand jury.

*Judgment arrested.*