## The State *vs.* Freeman.

An indictment need not be certified by the foreman of the grand jury to be " a true bill," and the omission of those words is not a cause for an arrest of judgment.

INDICTMENT for forgery.

After a trial, and verdict of guilty, the counsel for the prisoner moved in arrest of judgment, " because there is no legal evidence that the paper purporting to be a bill of indictment was ever found to be 'a true bill', by the grand jury." The bill was signed by the foreman, but the words, 'a true bill,' were omitted. The question was transferred to this court for determination.

*Fox,* county solicitor, for the state.

*Butler,* (of Massachusetts,) for the prisoner.

GILCHRIST, J. It has always been customary in our prac-

tice, that an indictment should be certified by the foreman of the grand jury to be 'a true bill.' This form has been adopted from the English practice, and if the same reason for it exist here as in England, its omission will be a fatal defect. If it be a mere form here, without any substantial meaning or importance, the motion in arrest of judgment must be overruled. A slight attention to the manner in which indictments originate in England will show the reason why this form has been there followed, and will enable us to determine whether the same necessity exists here.

In England, an accusation of a crime is preferred to the grand jury by one or more persons in the name of the king, but at the suit of these private prosecutors. Until this accusation is found by the grand jury to be true, it is merely a bill, and is so to be termed in pleading, and not described as an indictment. The prosecutor must cause the bill to be properly prepared and engrossed upon parchment. After considering the bill, and the evidence in support of it, if the grand jury are satisfied of the truth of the charge, they indorse upon it, " a true bill." The bill, thus indorsed, becomes an indictment, and a complete accusation against the prisoner. The indictment is then said to be *found*, and the prisoner stands indicted. *Com. Dig., Indictment*, (*A ;*) *Crown Cir. Com.* 32 ; 1 *Ch. Cr. Law* 162, 163, 324 ; 4 *Bl. Com.* 302, 303, 304.

It is thus apparent that in England there are two parties who must act before an indictment can be found. The prosecutor must draw up the bill, and lay it before the grand jury ; who, if they find the charge substantiated, must certify that the bill thus presented is a true bill. This arises from the fact, that in England indictments are not found unless upon some charge brought by an individual against the prisoner ; and before a person can be arraigned upon such a charge, it must receive the certificate of the grand jury that it is true. But here the practice is essentially different. No bill is drawn up by a private person, in the first instance,

The State v. Freeman.

and laid before the grand jury with evidence to support it. Witnesses are first examined before the grand jury, who then determine whether the evidence be sufficient to authorize them to prefer a criminal charge against the accused. If they think it is, an indictment is drafted by the attorney-general or solicitor, and signed by him. This proceeding is not like a charge made by some other person, and laid before them for their approval; but the indictment is the result, in legal form, of their deliberations. The reason for the English form does not exist, for it is unnecessary that they should certify that their own proceedings are true. There is, strictly speaking, no *bill* to be certified to be correct, in our practice,—the distinction between a bill and an indictment, which arises in England from their forms, not being necessary here. With us, the accusation does not take the form, first of a bill and then of an indictment, but it exists only as the latter. We have held, in the case of *The State* vs. *Squire*, 10 *N. H. Rep.* 558, that the signature of the foreman of the grand jury should be affixed to indictments, and that nothing short of such authentication should be regarded as competent evidence of their proceedings. If any thing more than the signature of the foreman could be necessary to prove that the instrument signed by the prosecuting officer is authorized by the grand jury, the certificate should be, " a true indictment," rather than " a true bill." As these words are merely a form, and moreover an incorrect form; and as the reason for them does not exist here, we think that their omission is not a ground for arresting the judgment.

We are aware that *Webster's Case, 5 Greenl.* 432, is an authority the other way. But that case was decided on the ground that it had always been the usage in England and in Massachusetts to affix these words to an indictment. The reason why they are necessary in England, and the fact that the mode of originating indictments here is different from that which exists there, are not adverted to; and with all deference to the eminent standing of Mr. Chief Justice Mel-

len, who pronounced the judgment of the court, we feel constrained to come to a different result from that to which his reasoning led him.

The motion in arrest of judgment is overruled, and there must be *Judgment on the verdict.*